UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MIGUEL A. COSTA<br>    *Plaintiff,* | :<br>:<br>: |
| v. | :     3:24-CV-02008 (KAD) |
| BOWERS, BELLAMARE, DANIEL DOUGHERTY, and LORESEN,<br>    *Defendants.* | :<br>:<br>:<br>: |

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

The plaintiff, Miguel Costa, a sentenced prisoner in the custody of the Connecticut Department of Correction ("DOC")[1], commenced this civil rights action on December 18, 2024, pursuant to 42 U.S.C. § 1983. He alleges violations of his rights under the United States Constitution while he was housed at Corrigan-Radgowski Correctional Center ("CRCC"). ECF No. 1. He seeks money damages and injunctive relief against four CRCC employees: Unit Manager Bowers, Captain Bellamare, Unit Administrator/Warden Daniel Dougherty, and Correctional Officer Loresen. *Id.*

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Publicly available information on the DOC website shows that Plaintiff was sentenced on December 23, 2024. *See* Inmate Information, Conn. State Dep't of Corr., http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=385286.

**I.      BACKGROUND**

The Court does not include herein all of the allegations from the Complaint but summarizes the facts to provide a context to this initial review.

Plaintiff claims that he was sexually harassed by Correctional Officer Loreson during an unauthorized strip search. Compl., ECF No. 1, at 4. Plaintiff does not allege when this strip search took place, but his attached Level 1 Grievance indicates that it may have occurred in June 2024. *See id.* at 9.

Plaintiff wrote to Unit Manager Bowers and explained that, during the strip search, Officer Loresen told him that his penis was very small and that "a female and him . . . could not do nothing with that." *Id.* at 4. Plaintiff claims that his sexual harassment claim was properly documented by Unit Manager Bowers, but she failed to respond to him within the appropriate time period. *Id.* at 4, 8. Plaintiff then requested a copy of the incident statement. *Id.* at 4. Plaintiff later wrote to Captain Bellamare about the matter. *Id.*

Plaintiff's allegations indicate that he was not satisfied with the responses he received from either Bowers or Bellamare. *Id.* at 4, 8. He claims that they provided untimely responses to his inmate requests and that "nothing was done at all." *Id.* at 8. Plaintiff also called the Connecticut State Police hotline number, but this hotline number did not work. *Id.* at 4–5.

Finally, Plaintiff filed a Level 1 Grievance (CN 9602) directed to Warden/Unit Administrator Dougherty, which he attached to his Complaint. *Id.* at 5, 9 (CN 9602 on page 9).

In his Level 1 Grievance, Plaintiff stated his grievance by way of reference to two Inmate Request Forms (CN 9601) directed to Bowers and Bellamare, respectively (both are attached to the Level 1 Grievance and the Complaint). *Id.* at 9–12 (CN 9601s on pages 10 and 12).

2

In his inmate request to Unit Manager Bowers, Plaintiff requested "the hand written statement from the PREA [Prison Rape Elimination Act]" that he had previously provided to her. *Id.* at 10. She responded that the statement was within the incident package that he could request from the Freedom of Information office. *Id.* In his inmate request to Captain Bellamare, Plaintiff complained that he called the number posted on the wall and left three messages but never got a call back. *Id.* at 12. Captain Bellamare responded with an explanation about how inmates may report incidents. *Id.*

In his response to the Level 1 Grievance, Warden Dougherty explained that Plaintiff's allegations were properly documented under DOC Administrative Directives and that PREA protocol was initiated, but Plaintiff's allegations did not meet the requirements for further review. *Id.* at 9. He advised Plaintiff that he could contact the Connecticut State Police by using the dayroom telephones and the telephone number posted on the telephones. *Id.*

## DISCUSSION

Section 1983 of Title 42 provides that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." "The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

3

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991))). This is true with respect to supervisory officials as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (holding that a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" in order to hold a state official liable for damages under § 1983, and that it is not enough for [a plaintiff] to show that [a defendant] was negligent, or even grossly negligent, in her supervision of the correctional officers or in failing to act on the information she had").

**Fourth Amendment**

Plaintiff's claim that he was sexually harassed during an unauthorized strip search raises Fourth Amendment concerns. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. In the prison context, the Fourth Amendment only proscribes "unreasonable" strip searches. *See Bell v. Wolfish*, 441 U.S. 520, 558 (1979); *Harris v. Miller*, 818 F.3d 49, 58 n.2 (2d Cir. 2016). The following four factors should be considered to decide if a prison search was reasonable: "(1) the scope of the intrusion; (2) the manner in which it was conducted; (3) the justification for initiating it; and (4) the place in which it was conducted." *Harris*, 818 F.3d at 63 (citing *Bell*, 441 U.S. at 559). A strip search violates the Fourth Amendment "if it is unrelated to any legitimate penological goal or if it is designed to intimidate,

4

harass, or punish." *Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 323 (S.D.N.Y. 2006) (collecting cases), *aff'd*, 461 F. App'x 18 (2d Cir. 2012).

Credited as true, Plaintiff's allegations that Officer Lorensen subjected him to an unauthorized strip search and made demeaning, sexually related comments during the search are sufficient to plausibly allege a Fourth Amendment violation. *See Bragdon v. Baccus*, No. 3:20-CV-258 (JAM), 2020 WL 2113606, at *3 (D. Conn. May 4, 2020) (permitting inmate to proceed on Fourth Amendment claim where he alleged that he was strip searched although he had done nothing wrong). Accordingly, Plaintiff may proceed on a Fourth Amendment individual capacity claim against Correction Officer Lorensen.

Plaintiff has not, however, alleged facts to suggest that Defendants Bowers, Bellamare, or Dougherty had any direct personal involvement in a Fourth Amendment violation. Accordingly, Plaintiff has not pleaded a plausible Fourth Amendment violation against these Defendants.

**Fourteenth Amendment**

The Court also considers whether Plaintiff alleges any plausible claim for unconstitutional sexual abuse or deliberate indifference to his health and safety. As Plaintiff filed this action as a pretrial detainee, his claims concerning his conditions and mistreatment within DOC are analyzed under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29–35 (2d Cir. 2017); *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The Second Circuit has held that "sexual abuse of a prisoner by a corrections officer" may violate constitutional standards. *Boddie v. Schnieder*, 105 F.3d 857, 860–61 (2d Cir. 1997); *see*

*also Crawford v. Cuomo*, 796 F.3d 252, 256–57 (2d Cir. 2015).[2] A single instance of intentional conduct may constitute a constitutional claim. *Crawford*, 796 F.3d at 257. "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Id.* Generally, an inmate's claim that a correctional officer made harassing statements about an inmate's genitalia alone is not sufficient for an Eighth Amendment claim absent any physical contact with the alleged perpetrator or without any alleged egregious sexual conduct. *See Bell v. Tromblee*, No. 9:18-CV-0814 (LEK/DEP), 2018 WL 6000146, at *3 (N.D.N.Y. Nov. 15, 2018) (dismissing Eighth Amendment claim against correctional officer who allegedly made harassing comments about inmate's genitalia); *see also Keaton v. Ponte*, No. 16-CV-3063 (KPF), 2017 WL 3382314, at *10 (S.D.N.Y. Aug. 4, 2017) (dismissing prisoner's Eighth Amendment claims of sexual abuse against female corrections officers where there was no "illicit physical contact between a corrections officer and an inmate," and the corrections officers' alleged "verbal harassment," encouraging inmate to use shower, watching him shower, and making sexual gestures with lipsticks and tongues, "without more, [were] not actionable" as cruel and unusual punishment in violation of the Eighth Amendment). However, where correctional staff compelled a prisoner to engage in sex acts, this Court held that the lack of physical contact did not preclude a constitutional claim for sexual abuse. *See White v. Doe*, No. 3:16-CV-1874 (JAM), 2021 WL 4034164, at *8 (D. Conn. Sept. 3, 2021) (noting "prison

---

[2] The Court notes that it "is not yet clear" whether the standard for a pretrial detainee's sexual abuse claim should be analyzed under the objective standard applied for excessive force claims under the Fourteenth Amendment or under the two-prong standard under the Eighth Amendment. *See Mims v. Laprey*, No. 3:24-CV-238 (SVN), 2024 WL 3090481, at *5 (D. Conn. June 21, 2024); *Johnson v. Cook*, No. 19-CV-1464 (CSH), 2021 WL 2741723, at *11 (D. Conn. July 1, 2021) (collecting cases). However, the Court need not resolve this issue here because Plaintiff has not alleged sufficient facts to suggest sexual harassment of a constitutional dimension under either analysis.

guard's repeated acts of compelling a prisoner to engage in sex acts in a flagrantly degrading and humiliating manner" was sufficient, if proven, to support an Eighth Amendment violation based on cruel and usual punishment).

Here, Plaintiff has not alleged facts to suggest that Officer Lorensen verbally compelled him to engage in any degrading and humiliating sex acts. Nor does he describe any touching of his intimate areas that may constitute unconstitutional sexual abuse. The Court is "not free to speculate about unpleaded facts that might be favorable to the plaintiff." *Darby v. Greenman*, 14 F.4th 124, 130 n.6 (2d Cir. 2021). Accordingly, Plaintiff has not alleged facts to suggest that he was subjected to sexual harassment of a constitutional dimension.

Likewise, Plaintiff has not alleged facts to support a claim of deliberate indifference to his health or safety. To establish a deliberate indifference claim under the Fourteenth Amendment, Plaintiff must satisfy a "two-prong test comprised of both objective and subjective standards." *McDaniel v. City of New York*, No. 19-CV-8735 (KPF) (RWL), 2022 WL 421122, at *6 (S.D.N.Y. Feb. 11, 2022). For the objective prong, the plaintiff must show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Darnell*, 849 F.3d at 29. For the subjective prong, the plaintiff must also establish that the "officer acted with at least deliberate indifference to the challenged conditions," which, in the context of the Fourteenth Amendment, means that he or she "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35; *see also Vega v. Semple*, 963 F.3d 259, 273–74 (2d Cir. 2020).

Here, the few alleged facts are not sufficient to support a plausible claim that Plaintiff was subjected to any serious risk of harm or that any Defendant was aware that he was subjected to a serious harm to his health or safety.

Although the Court concludes that Plaintiff has not sufficiently alleged that claims of unconstitutional sexual abuse or deliberate indifference to his health and safety, the Court will afford him an opportunity to file an amended complaint to do so.

**Claims for Investigation or Criminal Prosecution**

Plaintiff's complaint appears to assert a claim that he has been deprived of an adequate investigation into his sexual harassment claim. Plaintiff does not, however, have a constitutional right to an investigation. *See Davis v. Rinaldi*, No. 3:19-CV-504 (CSH), 2019 WL 7879729, at *7 (D. Conn. Oct. 31, 2019) ("Plaintiff does not have a protected liberty interest in having correctional officials investigate his complaints, through the grievance process or otherwise."); *see also Davila v. Messier*, No. 3:13-CV-81 (SRU), 2014 WL 4638854, at *8 (D. Conn. Sept. 17, 2014) ("[The inmate] does not have a procedural due process interest in having his claim investigated in a manner he deems appropriate . . . ."); *Harris v. City of New York*, No. 23-CV-6344, 2023 WL 6542019, at *2 (S.D.N.Y. Sept. 11, 2023) ("[C]ourts have consistently declined to find that crime victims or those close to them possess a constitutional right to a police investigation into those crimes.") (collecting cases).

Likewise, Plaintiff has no protected legal interest in the criminal prosecution of another individual. *See Brown v. Volpe*, No. 15-CV-9004 (PAE), 2017 WL 985895, at *4 (S.D.N.Y. Mar. 13, 2017); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution

8

of another."). Accordingly, Plaintiff has not alleged any plausible claim arising out of any failure to conduct an investigation or criminal prosecution for his sexual harassment complaint.

**Violation of DOC Administrative Directives**

Plaintiff also indicates that Bowers and Bellamare violated DOC directives. But "allegations that a prison official violated the procedures set forth in an Administrative Directive or other policy do not state a claim of a violation of an inmate's constitutional rights." *Rosa v. Cook*, No. 3:22-CV-865 (SALM), 2022 WL 7517256, at *5 (D. Conn. Oct. 13, 2022) (Merriam, J.) (quotations and alteration omitted). Accordingly, any claim that a Defendant violated DOC policies or directives is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Official-Capacity Claims**

Plaintiff states that he seeks as a remedy to "talk" with the State Police about his sexual harassment claim. Compl., ECF No. 1, at 8. The Court construes Plaintiff's request as seeking official-capacity relief for an injunctive court order.

Plaintiff may only proceed for injunctive or declaratory relief against a defendant in his or her official capacity to the extent he alleges an ongoing constitutional violation. *See Va. Office for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254–55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Here, Plaintiff's allegations concern an incident that occurred in the past and do not support an inference he remains subject to any ongoing violation of his federal or constitutional rights.

To the extent Plaintiff asserts official capacity claims for monetary damages against Defendants (all state employees), such claims are dismissed as barred by the Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

**ORDERS**

The Court enters the following orders:

(1) The case shall proceed on Plaintiff's claim of Fourth Amendment violation against Correction Officer Loresen in his individual capacity.

All other claims, including official capacity claims, are DISMISSED. The Clerk is instructed to terminate as Defendants Unit Manager Bowers, Captain Bellamare, and Daniel Dougherty.

If Plaintiff believes he can allege facts to cure the deficiencies identified in this ruling, he may file an amended complaint on or before March 16, 2025. An amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in the original complaint in evaluating any amended complaint.

(2) The Clerk shall verify the current work addresses for Correction Officer Loresen with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to them at their confirmed addresses within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If Defendant fails to return the waiver request, the Clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on Defendant Loresen, and Defendant Loresen shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(4) Defendant shall file a response to the complaint, either an answer or motion to dismiss,

within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If Defendant chooses to file an answer, Defendant shall admit or deny the allegations and respond to the cognizable claims recited above. Defendant may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by September 14, 2025. Discovery requests shall not be filed with the Court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed by October 14, 2025.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(d) provides that he MUST notify the Court. **Failure to do so may result in the dismissal of the case.** Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(10) Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court.

Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** this 14th day of February, 2025, at Bridgeport, Connecticut.

                                                 */s/ Kari A. Dooley*
                                                 Kari A. Dooley
                                                 United States District Judge